IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-223-RJC-DCK

| MARJORIE McLENNON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND RECOMMENDATION AND ORDER |
| TIAA, | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied without prejudice</u>.

## I. BACKGROUND

Plaintiff Marjorie McLennon ("Plaintiff" or "McLennon"), appearing *pro se*, initiated this action with the filing of a form "Complaint" (Document No. 1-1, pp. 3-4) against "TIAA" in the Superior Court of Mecklenburg County, North Carolina, File No. 18-CVS-6265, on March 27, 2018. The Complaint provides minimal information regarding claims and no factual support, but seems to allege that: Plaintiff's employment was terminated in retaliation for some act; she has suffered an invasion and violation of personal privacy; and that she has been harassed by her supervisors and/or co-workers. (Document No. 1-1, p. 3). Plaintiff seeks a judgment in the amount of $907,500.00. (Document No. 1, p. 3).

On April 27, 2018, a "Notice Of Removal" was filed with this Court by Teachers Insurance and Annuity Association of America ("TIAA" or "Defendant").[1]  (Document No. 1, p. 1). Defendant TIAA asserts that removal is appropriate based on diversity jurisdiction because the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000.00. (Document No. 1) (citing Document No. 1-1).  In addition, Defendant contends there is a federal question here because Plaintiff apparently seeks to recover "retirement benefits."  (Document No. 1, p. 3) (citing Document No. 1-1, p. 3).  Defendant contends that such a claim for retirement benefits is "either asserted under or completely preempted by" the Employee Retirement Income Security Act of 1974 ("ERISA").  Id.  Defendant also contends that any "harassment" claim is necessarily brought under federal law.  (Document No. 1, p. 4).

After securing an extension of time to respond to the Complaint, and less than a month after removing the case to this Court, Defendant filed its "…Motion To Dismiss…" (Document No. 6) pursuant to Fed.R.Civ.P. 12(b)(6) on May 24, 2018.  See (Document Nos. 4 and 5). Defendant argues that the Complaint should be dismissed because it "does not contain any factual allegations supporting [Plaintiff's] claims."  (Document No. 6, p. 1).

The Court issued a "Roseboro Notice" on May 24, 2018, informing *pro se* Plaintiff of her right to respond to the pending motion and advising her that failure to file a timely and persuasive response would likely lead to dismissal of this action. See (Document No. 8).  Plaintiff was ordered to file a response by June 7, 2018.  Id.

Plaintiff's "Memorandum In Support Of Opposing The Defendants Claims Of Dismissal" (Document No. 9) ("Response") was filed on June 12, 2018.  Defendant then filed a "Reply In Support Of Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 10) on June

---

[1] Defendant notes that it is incorrectly identified in the caption of the Complaint as "TIAA," although at the same time identifies itself as "TIAA."  (Document No. 1, p. 1 n. 1).

19, 2018. Plaintiff filed a second "Memorandum In Support Of Opposing The Defendants Claims Of Dismissal" (Document No. 11) on June 22, 2018, that the Court construes as a "Surreply," although *pro se* Plaintiff did not seek leave to file a surreply. See Local Rule 7.1(e). In addition, Plaintiff filed a "Notice" (Document No. 12) with the Court on October 29, 2018, suggesting that she was suffering "ongoing harassment."

Based on the foregoing, the pending motion to dismiss is ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the

3

> grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The crux of Defendant's argument for dismissal is that the Complaint only contains a "recitation of purported legal claims," but does not specify under what laws Plaintiff's claims are brought or provide sufficient factual support for any claims. (Document No. 7). Defendant presents a compelling argument, well-supported by legal authority, that even liberally construing the *pro se* Plaintiff's pleading, it is too deficient to survive under Fed.R.Civ.P. 12(b)(6). (Document No. 7).

Although filed late, Plaintiff provided a Response that adds significantly more information regarding the basis for the lawsuit. (Document No. 9). The Response indicates that Plaintiff had worked for Defendant for **twenty-eight (28) years**, and was terminated on or about December 20, 2017, within **two (2) days** of reporting to Defendant's "Human Resources and Corporate Security departments" that she had been subject to "excessive ongoing bullying and harassment." (Document No. 9, p. 1). Plaintiff contends that her termination was in retaliation for reporting the harassment. (Document No. 9). Moreover, the Response suggests to the Court for the first time that Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity

Commission ("EEOC"), pursuant to Title VII of the Civil Rights Act of 1964, and received a Notice of Right to Sue. (Document No. 9, p. 1).

In reply, Defendant acknowledges that Plaintiff has provided additional factual allegations, but argues that she cannot avoid dismissal through allegations raised in a responsive brief or amend her Complaint through a responsive brief. (Document No. 10). Defendant goes on to argue that even if allowed, Plaintiff's "current explanation of her Title VII claim should not warrant survival of this lawsuit." (Document No. 10, p. 4).

Plaintiff filed a Surreply that basically re-asserts the position stated in her Response. (Document No. 11).

As an initial matter, the undersigned observes that neither side has provided the Court with a copy of the purported Charge of Discrimination and Notice of Right to Sue. The undersigned is surprised that Defendant failed to make any mention of action before the EEOC in its Notice Of Removal, Motion To Dismiss, or Memorandum In Support. (Document Nos. 1, 6, and 7). Even in its Reply, Defendant acknowledges that *pro se* Plaintiff is trying to state a retaliation claim, but Defendant still fails to make any reference to any action before the EEOC. (Document No. 10). Notably, Defendant does not deny that Plaintiff filed an action with the EEOC. Id.

The undersigned agrees with Defendant that Plaintiff cannot amend her state form Complaint through her Response; however, the undersigned is not persuaded that allowing Plaintiff to file an Amended Complaint would be futile or prejudicial at this stage of this litigation.

In short, although the undersigned finds that Defendant's legal arguments and authority are convincing, the undersigned will recommend that the instant motion be denied without prejudice. It appears that *pro se* Plaintiff may have misunderstood which court she was supposed to file her Complaint in after receiving a Notice of Right To Sue from the EEOC, and that she was also

5

uninformed as to what a complaint should include to survive review by this Court – especially since she relied on a form complaint for state district court.  The undersigned finds that the interests of justice require allowing *pro se* Plaintiff to file an Amended Complaint.

If Plaintiff files an Amended Complaint, she is respectfully reminded to review the Standard Of Review set forth above.  An Amended Complaint that fails to satisfy such standards will likely be dismissed.  Plaintiff may consider trying to hire counsel and/or accessing or reviewing the appropriate form(s) for filing an action in federal court.  See http://www.uscourts.gov/forms/civil-pro-se-forms; http://www.uscourts.gov/forms/pro-se-forms/complaint-employment-discrimination; and http://www.ncwd.uscourts.gov/local-forms/prose-forms.  Any Amended Complaint should attach a copy of any applicable Charge of Discrimination and Notice of Right to Sue provided by the EEOC.

## IV.  RECOMMENDATION AND ORDER

**FOR THE FOREGOING REASONS** the undersigned respectfully recommends that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff file an Amended Complaint, consistent with the Federal Rules of Civil Procedure, on or before **December 7, 2018**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and

Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED AND ORDERED**.

Signed: November 2, 2018

David C. Keesler
United States Magistrate Judge